IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAY C., a Minor, and MONA W., )
Individually and as Parent and Next Friend of )
JAY C., )
              ) Civil Action No.: 09 C 3882
         Plaintiffs, )
              ) Suzanne B. Conlon, Judge
  v. )
)
BOARD OF EDUCATION OF THE CITY OF )
CHICAGO, DIST. 299, )
)
         Defendant. )

## MEMORANDUM OPINION AND ORDER

Jay C. and his mother Mona W. sue the Board of Education of the City of Chicago, District 299 ("the Board"), for attorney's fees and costs pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415. The underlying litigation was a special education due process hearing Mona requested on behalf of her son to challenge the Board's alleged failure to provide free appropriate public education under IDEA. The parties cross-move for summary judgment. For the reasons set forth below, plaintiffs' motion is granted in part, and the Board's motion is denied.

### BACKGROUND

Jay is a ten-year-old, fourth grade boy who resides in Chicago Public School District No. 299 ("CPS"). Pls. Facts ¶ 1; Def. Ex. B: Impartial Due Process Hearing Decision and Order ("Decision") at 6. He attended a CPS school for first and second grade in 2006 and 2007. In March 2006, Jay was found eligible under IDEA for special education services because he has a

speech and language impairment; the eligibility basis changed in May 2007 because of Jay's learning and emotional disabilities. Pls. Facts ¶¶ 6-7; Decision at 6. Jay did not meet his individualized education plan ("IEP") goals in first or second grade. Pls. Facts ¶ 8; Decision at 6-9. A free appropriate public education under IDEA requires that special education and related services be offered under an IEP reasonably calculated to enable the child to receive educational benefits. *Evanston Comm. Consol. Sch. Dist. No. 65 v. Michael M.*, 356 F.3d 798, 801-02 (7th Cir. 2004).

In May 2008, Mona, through her attorney Michael A. O'Connor, requested a special education due process hearing to challenge Jay's IEP. Pls. Facts ¶ 13; Decision at 2, 12. CPS subsequently placed Jay in South Central Community School, a private therapeutic day school (where Jay remains enrolled), and offered to conduct special evaluations regarding speech and language impairments, cognitive and academic skills, occupational therapy, and behavior management. Pls. Facts ¶¶ 1, 11; Decision at 9-10. The special evaluation reports were reviewed at an IEP meeting in July 2008. Pls. Facts ¶ 12.

Mona amended her due process hearing request in August 2008. *Id.* ¶ 12. She sought:

• compensatory education services including a one-on-one aide for one year;

• compensatory education services including one weekly hour of speech and language services, three weekly hours of counseling and mentoring support from a licensed male counselor, and 200 hours of tutoring by a teacher certified in a multi-sensory reading instruction program for two years;

• access to educational opportunity including 90 "mpw" of speech and language and social work services, and 60 "mpw" of occupational therapy services;

• remediation through a systematic, multi-sensory reading instruction program by a certified teacher or certification training for two teachers;

2

• payment for independent educational evaluations in identified needed areas; and

• an IEP meeting to implement the relief.

Decision at 6.

The due process hearing was held over five days in January and February 2009. Pls. Facts ¶ 14. The hearing officer issued a decision on February 17, 2009. She found Mona partially met and partially failed to meet her burden in challenging Jay's IEP. Decision at 12. Placement at South Central Community School was found appropriate, but CPS failed to provide evaluations and services for his speech and language disability, reading deficiency, and possible sensory processing disorder. *Id.* at 12, 15. CPS failed to have an IEP in place at the beginning of the 2007-2008 school year, and the current IEP provides insufficient language arts or speech and language services. *Id.* at 13. CPS should have reconvened an IEP meeting to address Jay's failure to meet his IEP basic goals. *Id.* at 13. Mona failed to demonstrate the deficiency of South Central Community School's reading program, or that Jay's emotional or behavioral conditions require additional services. *Id.* at 12.

The hearing officer granted Mona's requested independent educational evaluations and IEP meeting. *Id.* at 16. She ordered speech and language services and tutoring, but limited the amount requested to one year of 120 weekly minutes of speech and language services and one weekly tutoring hour. *Id.* CPS was ordered to provide compensatory services in the form of an extended 2008-2009 school year. *Id.* The remaining requested relief was denied. *Id.* at 12-16.

Mona's counsel submitted a $58,276.08 claim to the Board for attorney's fees and costs for representation at the due process hearing. Pls. Facts ¶ 18; Def. Ex. D; Compl. Ex. B. Counsel

3

submitted a $4,180.00 supplemental fee petition for post-hearing enforcement work. Pls. Facts ¶ 19; Compl. Ex. C. The Board has not paid the requested fees or costs. Pls. Facts ¶ 21.

## DISCUSSION

### I. Summary Judgment Standard

On cross-motions for summary judgment, each movant must satisfy Fed. R. Civ. P. 56's requirements. *Int'l Bhd. of Elec. Workers, Local 176 v. Balmoral Racing Club, Inc.*, 293 F.3d 402, 404 (7th Cir. 2002). Summary judgment is warranted only if the pleadings, discovery, and disclosure materials on file, and any affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 633 (7th Cir. 2009). The moving party has the initial burden of demonstrating entitlement to summary judgment. *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). If the burden is met, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); *Kramer*, 384 F.3d at 861. The court construes all facts and draws all reasonable inferences in the light most favorable to the non-moving party. *Cracco*, 559 F.3d at 633. A genuine issue of material fact exists if the evidence is sufficient to support a reasonable jury verdict in the non-moving party's favor. *Pugh v. City of Attica, Indiana*, 259 F.3d 619, 625 (7th Cir. 2001).

### II. Prevailing Party

The Board argues plaintiffs are not entitled to attorney's fees because they are not prevailing parties under IDEA. IDEA's fee-shifting provision grants the court discretion to award reasonable attorney's fees to a prevailing party. 20 U.S.C. § 1415(i)(3)(B); *Linda T. v.*

*Rice Lake Area Sch. Dist.*, 417 F.3d 704, 707 (7th Cir. 2005). Plaintiffs prevail if they obtain actual relief on the merits of a claim that materially alters the parties' legal relationship by modifying defendant's behavior to directly benefit plaintiffs. *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992); *Linda T.*, 417 F.3d at 707. The prevailing party inquiry does not turn on the magnitude of relief obtained. *Farrar*, 506 U.S. at 114; *Linda T.*, 417 F.3d at 708. Plaintiffs may be considered prevailing parties if they succeed on a significant issue that achieves some of the benefit sought in bringing suit. *T.D. v. LaGrange Sch. Dist. No. 102*, 349 F.3d 469, 479 (7th Cir. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The hearing officer found Mona partially met her burden of challenging Jay's IEP. She found deficiencies in the IEP's timing and specified language services. Decision at 12. CPS was found remiss in providing Jay evaluations and services for his speech and language disability, reading deficiency, and possible sensory processing disorder. *Id.* at 12, 15. Although the hearing officer denied some requested relief, she ordered CPS to provide speech and language services, tutoring, and an extended 2008-2009 school year – action that directly benefits plaintiffs. *Id.* at 16. The relief warrants prevailing party status. *See, e.g., T.D.*, 349 F.3d at 478-80 (success on some significant issues at the due process hearing warranted prevailing party status); *Monticello Sch. Dist. No. 25 v. George L.*, 102 F.3d 895, 908 (7th Cir. 1996) (minimal relief obtained at the due process hearing warranted prevailing party status). The undisputed facts demonstrate plaintiffs are prevailing parties as a matter of law even though they did not succeed on every issue.

## III. Reasonableness of the Fee Award

Alternatively, the Board argues plaintiffs' fee request should be reduced by at least half because they achieved *de minimus* success. The court has discretion to determine the amount of a fee award. *Hensley*, 461 U.S. at 437. A reasonable fee is calculated by the lodestar method: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.* at 433. Plaintiffs bear the burden of establishing the reasonableness of their fee request. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999). Although the magnitude of relief obtained does not impact prevailing party status, it affects the amount of the fee award. *Linda T.*, 417 F.3d at 708. Prevailing parties may not recover *any* fees in some instances. *Farrar*, 506 U.S. at 115. A critical factor in determining the reasonableness of a fee award is the degree of success obtained in relation to the lawsuit's other goals. *Linda T.*, 417 F.3d at 708.

In *Linda T.*, parents challenged placement of their autistic, sixth-grade son William in a half-day facility for disabled students, and requested full-time placement in the public middle school. In addition, they challenged the specificity of staff instructional training, and requested the school district retain an independent consultant to train staff on how to implement their son's IEP. The due process hearing adjudicator rejected the full-time placement request because the curriculum was substantively unrelated to William's IEP goals. But the IEP was found insufficient in identifying opportunity for William to interact with nondisabled peers during his half days at the middle school. The independent consultant request was denied; however, the IEP was found too vague regarding staff autism training. *Id.* at 705-07. The parents sought their attorney's fees as prevailing parties under IDEA. The parents' *de minimis* relief was held

6

insufficient to support a fee award. They lost on their central claim – full-time placement in the middle school. *Id.* at 708-09. Their degree of success on other issues was too minimal to justify any fees. *Id.* at 710.

Proportional reductions in IDEA fee requests are appropriate when success on some significant issues, but not all, is obtained at the due process hearing. *See, e.g., Michael M.*, 356 F.3d at 805 (remanding for consideration of reduced award); *T.D.*, 349 F.3d at 480, 482 (same); *Benito M. v. Bd. of Educ. of the City of Chicago, Dist. 299*, 544 F. Supp. 2d 713, 721 (N.D. Ill. 2008) (Conlon, J.) (reducing award by 15%); *Max M. v. Illinois St. Bd. of Educ.*, 684 F. Supp. 514, 531 (N.D. Ill. 1988) (Bua, J.) (reducing award by 50%); *John M. v. Bd. of Educ. of the City of Chicago, Dist. 299*, 612 F. Supp. 2d 981, 999 (N.D. Ill. 2009) (Denlow, M.J.) (adopting plaintiffs' proposed 15% reduction).

Reduction of the fee award by a percentage to account for Mona's degree of success at the due process hearing is warranted. The record demonstrates Mona prevailed on half of her claims. Indeed, the hearing officer found Mona met her burden of challenging Jay's IEP "in part." Decision at 12. Issues at the due process hearing were the requested one-on-one aide for Jay, and remediation through a multi-sensory reading instruction program; these requests were denied. *Id.* at 6, 12-16. The hearing officer found Mona failed to demonstrate the deficiency of South Central Community School's reading program, or that Jay's emotional or behavioral conditions require additional services. *Id.* at 12. Nevertheless, Jay's IEP was found deficient, and he was awarded significant speech and language services and tutoring, *albeit* in an amount lower than Mona's request. *Id.* at 6, 16. The requested independent educational evaluations and IEP meeting, and an extended school year were granted. *Id.* at 16. A 50% reduction in the fee

7

request for representation at the due process hearing is appropriate and reasonable to reflect Mona's partial success at the hearing. This amounts to a $33,318.04 award (half of the $58,276.08 in fees and costs for representation at the due process hearing and the $4,180.00 in fees for post-hearing enforcement work).

The Board does not contest the reasonableness of the time billed. It challenges the reasonableness of the hourly rates submitted, but provides no supporting evidence. Pls. Facts ¶¶ 22-23; Def. Resp. ¶¶ 22-23. O'Connor's hourly rate is between $350 and $380; his paralegal's hourly rate is $105. He supports the reasonableness of the rates by attesting to his extensive litigation experience, the standard hourly rates in Chicago, and the hourly rates he has been awarded in prior litigation against the Board. Pls. Ex. 1: O'Connor Aff. ¶¶ 2-5. An attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate. *Mathur v. Bd. of Trustees of S. Ill. U.*, 317 F.3d 738, 743 (7th Cir. 2003). The record demonstrates the reasonableness of the rates.

The Board contends the fee petition lacks specificity, yet only articulates a challenge to the necessity and amount of $503.70 in photocopying costs. The copies were extracts of materials for hearing witnesses and hearing books; the price per page is $.15. Pls. Ex. 1. The record reflects the necessity and reasonableness of the copying costs. *Kaplan v. City of Chicago*, No. 05 C 2001, 2009 WL 1940789, at *4 (N.D. Ill. July 6, 2009) (Leinenweber, J.) (photocopying costs between $.10 and $.20 per page are reasonable).

Plaintiffs request prejudgment interest and fees. They submit no supporting argument or fee petition. Prejudgment interest and fees are denied.

## CONCLUSION

Plaintiffs' summary judgment motion is granted in part, and the Board of Education's motion is denied. Plaintiffs are prevailing parties, but their fee petition is reduced by 50% to reflect the degree of success at the due process hearing. Plaintiffs are awarded reasonable attorney's fees and costs of $33,318.04.

ENTER:

Suzanne B. Conlon
United States District Judge

October 30, 2009